UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                               No. 11-51386
                                  District Judge Paul D. Borman
ELAINE McQUARTERS,        Magistrate Judge R. Steven Whalen

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On November 1, 2011, Elaine McQuarters, who names herself as a "Defendant," filed a self-styled "Commercial Notice Appointment of Fiduciary Debtor and Creditor," in which she designates the United States of America as the Plaintiff [Doc. #1]. On September 14, 2012, one Donald F. Gay, Jr., whom Ms. McQuarters names as an "Interested Party," filed a "Notice of Default" [Doc. #3]. On July 8, 2013, the case was referred to me for all pretrial proceedings, including the preparation of Reports and Recommendations pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons discussed below, I recommend that both the complaint (or "Commercial Notice" or whatever it is), and the "Notice of Default" be dismissed *sua sponte* for lack of subject matter jurisdiction.

**I.    FACTS**

Ms. McQuarters' pleading [Doc. #1] is extremely rambling and incoherent. She appears to appoint Timothy Geithner, Secretary of the Treasury at the time the pleading was filed, as her fiduciary. She describes herself as a "Third Party Interest Intervenor," and appears to explain the basis of her request as follows:

> "I, Elaine McQuarters, "Third Party Interest Intervenor," having realized the existence of the corporate entity (ens legis), a documented vessel under United States registry, otherwise described ELAINE

-1-

> MCQUARTERS...a.k.a (DEBTOR), nunc pro tunc 1959 C.E., said entity having as its trustee the Secretary of Transportation of the United States...and there being no living sentient being responsible to accept service of process or other documents, and cannot appear in a court of the United States or act as a duly appointed transfer agent, and cannot achieve parity with real people."

She goes on to "appoint" Timothy Geithner "as being qualified to fulfill the position of 'fiduciary creditor' and 'fiduciary debtor' for the corporate entity described above in all-capital-letter-assemblages, the same to be effective immediately as of the date set forth below, and shall continue until further notice or reappointment, or cancellation, within the venue as ordained and established by the People of the Territory of Michigan, through their original Organic Constitutions of Michigan state."

The so-called "interested party," Donald Gay, filed a "Notice of Default" [Doc. #3], which is actually a letter addressed to the CEO and CFO of Bank of America. Attached to the letter are documents that appear to relate to mortgage foreclosure proceedings. It is unclear what Mr. Gay's interest is in these proceedings.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*,

dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### III.   DISCUSSION

Both Ms. McQuarters' and Mr. Gay's pleadings may most charitably be described as complete nonsense. She has filed a complaint (or whatever it is), naming the United States as the Plaintiff. She apparently wants the Treasury Department to pay her bills. Ms. McQuarters appears to subscribe to some variation of the "redemption movement" or the "sovereign citizen movement," bizarre, conspiracy-oriented theories that differentiate between some fictional entity created by the government and registered as a maritime vessel, and the actual "flesh and blood" sentient being that is immune from taxes, mortgage payments or any other debts. In *Spencer v. Social Sec. Admin.*, 2006 WL 695782, *3 (E.D.Mich. 2006), I described these types of claims as being "among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law."

This matter does not merit extensive discussion. To quote *Apple v. Glenn*, these pleadings "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion." This case must be dismissed.

## IV.    CONCLUSION

For these reasons, I recommend that Ms. McQuarters complaint (or whatever it is) [Doc. #1] and Mr. Gay's Notice of Default [Doc. #3] be DISMISSED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: October 11, 2013                     s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 11, 2013, electronically and/or by U.S. mail.

                                                s/Michael Williams
                                                Case Manager for the
                                                Honorable R. Steven Whalen